**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** § § § | | |
| Plaintiff, § | C.A. No. ____ | |
| § | | |
| v. § | **JURY TRIAL DEMANDED** | |
| § | | |
| **TCL CORPORATION AND TCL ELECTRONICS HOLDINGS LIMITED,** § § § § | | |
| Defendants. § § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cellular Communications Equipment LLC ("CCE" or "Plaintiff") files this Original Complaint against Defendants TCL Corporation and TCL Electronics Holdings Limited (collectively "TCL" or "Defendants") for infringement of U.S. Patent No. 7,218,923 ("the '923 patent" or "the patent-in-suit").

**THE PARTIES**

1. CCE is a Texas limited liability company with its principal place of business in Plano, Texas.

2. On information and belief, TCL Corporation ("TCL Corp.") is a corporation organized under the laws of the People's Republic of China, with its principal place of business located at No. 26, the Third Road, Zhongkai Avenue, Huizhou City, Guangdong, P.R. China 516006. TCL Corp. does business in the State of Texas and in the Eastern District of Texas.

3. Upon information and belief, TCL Electronics Holdings Limited ("TCL Electronics") is a limited liability company incorporated in the Cayman Islands. The registered address of the Company is P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman

Islands. The principal place of business of the Company is located at 7th Floor, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong. *See* TCL Electronics Holdings Limited Annual Report 2018 (*available at* http://electronics.tcl.com/UserFiles/File/IR/Annual%20Report/2018%20AR-E.pdf) at p. 135 of 285. TCL Electronics does business in the State of Texas and in the Eastern District of Texas.

4.      Upon information and belief, TCL Corp. was founded in 1981. TCL Corp. is "one of China's largest business groups of consumer electronics operating in a global scale." *See* About TCL Page (*available at* http://electronics.tcl.com/en/aboutus/main.do?method=listing&mappingName=AboutUs_CompanyProfile). TCL Corp. owns at least three other companies: TCL Electronics (publicly listed as 01070.HK and co-defendant in this action), China Display Optoelectronics (publicly listed as 00334.HK) and Tonly Electronics (publicly listed 01249.HK). *Id*.

5.      Upon information and belief, TCL Corp. holds a controlling interest in TCL Electronics. *See* TCL Electronics Holdings Limited Annual Report 2018, at p. 113 of 285 (stating that TCL Corporation is the "ultimate controlling shareholder of the company").  TCL Electronics is "mainly involved in the manufacture and sale of colour television sets, Smart audio-visual ('Smart AV') and Smart home products." *Id*. In May of 2018, TCL Electronics changed its name from "TCL Multimedia Technology Holdings Limited" to "TCL Electronics Holdings Limited." *Id*. *See* TCL Electronics Holdings Limited Annual Report 2018, at p. 8 of 285.

6.      Upon information and belief, TCL Electronics is a part of a related "Group" of companies under the umbrella of TCL Corp., which includes TCL Electronics and its subsidiaries, and that brands itself as the "world's leading consumer electronics company" that "is engaged in the research and development, manufacturing and sale of consumer electronics products," which

"are sold all over the world." *See* TCL Electronics Holdings Limited Annual Report 2018, at p. 7 of 285.  In 2018, ninety-eight percent (98%) of TCL Electronics' worldwide gross sales were from the sale of television products. *See id*. at p. 12 of 285. Furthermore, TCL Electronics asserts that "[t]he Group's major customers are all from consumer television products industry." *Id*. at p. 94 of 285.

7. Upon information and belief, TCL Electronics, as part of the Group, and TCL Corp., along with its own subsidiaries and associates (separately referred to as the "TCL Group"), have operated as agents of one another and vicariously as two arms of the same business group to work in concert together and enter into agreements that are nearer than arm's length to conduct business in the United States, including in Texas and this judicial district. *See Trois v. Apple Tree Auction Center, Incorporated*, 882 F.3d 485, 490 (C.A.5 (Tex.), 2018) ("A defendant may be subject to personal jurisdiction because of the activities of its agent within the forum state…."); *see also Cephalon, Inc. v. Watson Pharmaceuticals, Inc.*, 629 F.Supp.2d 338, 348 (D. Del. 2009) ("The agency theory may be applied not only to parents and subsidiaries, but also to companies that are 'two arms of the same business group,' operate in concert with each other, and enter into agreements with each other that are nearer than arm's length.").

8. Upon information and belief, TCL Corp. and TCL Electronics engaged in a concerted effort to sell, offer to sell, and import infringing products. For example in 2018, TCL Electronics carried out a series of "connected transactions" with TCL Corp. in furtherance of its mutual business interests and goals, including, but not limited to, 1) renewing its "Master TCL Trademark License," which was exclusive and royalty-free, to use the TCL trademark for "the manufacture, production, sale and distribution of electronic products including televisions, audio-visual products and commercial use display products"; 2) entering into a "Master Sale and

Purchase (2017) Agreement" for the purchase of "goods produced or manufactured in the PRC from TCL Group amounting to HK$12,892,395,000; and… sold goods to TCL Group"; and 3) entering into a "Master Sourcing (2017 Renewal) Agreement" wherein the Group "sold overseas materials to TCL Group amounting to HK$1,049,403,000; and…purchased overseas materials from TCL Group amounting to HK$840,166,000 during the year amounting to HK$5,566,381,000 during the year." *See* TCL Electronics Holdings Limited Annual Report 2018, at pp. 109-113 of 285.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. On information and belief, TCL Corp. is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its own infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to Texas residents vicariously through and/or in concert with its subsidiaries, intermediaries, and/or agents.

12. This Court has personal jurisdiction over TCL Corp., directly or through intermediaries, such as TCL Electronics and TCL Electronics' wholly-owned U.S.-based subsidiary TTE Technology Inc. ("TTE"), because TCL Corp. has committed acts of direct and/or indirect patent infringement within Texas, and elsewhere within the United States giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction

over TCL would not offend traditional notions of fair play and substantial justice. For example, TCL Corp. has placed and continues to place into the stream of commerce using established distribution channels infringing products with the knowledge and understanding that such products are, will be, and continue to be sold, offered for sale, and/or imported into this judicial district and the State of Texas. For example, TCL Corp. touts that it has "employees through Asia, the Americas, Europe and Oceania" and has a "Sales Network" that spans "Regional Business Centers" in North America. TCL products, including for example TCL TFT-LCD model nos. LVW320ND1L CJ9W23 and LVF430ND1L CJ9W04, are or have been widely sold in retail stores, both brick and mortar and online, within this judicial district and in Texas. *See Litecubes, LLC v. Northern Light Products, Inc.*, 523 F.3d 1353, 1369-70 (Fed. Cir. 2008) ("[T]he sale [for purposes of § 271] occurred at the location of the buyer."); *see also Semcon IP Inc. v. Kyocera Corporation*, No. 2:18-cv-00197-JRG, 2019 WL 1979930, at *3 (E.D. Tex. May 3, 2019) (denying accused infringer's motion to dismiss because plaintiff sufficiently plead that purchases of infringing products outside of the United States for importation into and sales to end users in the U.S. may constitute an offer to sell under § 271(a)).

13. Upon information and belief, TCL Corp. controls its subsidiaries and intermediaries, including, but not limited to TCL Electronics and TTE. These subsidiaries give TCL Corp. substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state of Texas.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, TCL Corp. is not a resident in the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See also In re HTC*

*Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) ("The Court's recent decision in *TC Heartland* does not alter" the alien-venue rule.).

15. Upon information and belief, TCL Electronics is also subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its own infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to Texas residents vicariously through and/or in concert with its subsidiaries, intermediaries, and/or agents.

16. This Court has personal jurisdiction over TCL Electronics, directly or through intermediaries and subsidiaries including, but not limited to, its U.S.-based subsidiary TTE, because TCL Electronics has committed acts within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over TCL would not offend traditional notions of fair play and substantial justice. For example, via its wholly-owned subsidiary TTE, TCL Electronics asserts the following:

> We are America's Fastest-Growing TV Brand. As a globally trusted leader, TCL sold more than 20 million TVs worldwide last year [in 2017] which ranks us among the largest TV brands in the world.

*See* Our Story (*available at* https://www.tclusa.com/about-us/our-story). These TCL products include for example TCL TFT-LCD model nos. LVW320ND1L CJ9W23 and LVF430ND1L CJ9W04, which are or have been widely sold in retail stores, both brick and mortar and online, within this judicial district and in Texas.

17. Upon information and belief, the U.S.-based entity TTE is "an entity…directly or indirectly, controlled by" TCL Electronics, as well as other subsidiaries. *See* TCL Electronics

Holdings Limited Annual Report 2018, at p. 139 of 285. According to TCL Electronics, such control over TTE means that the "Group is exposed, or has rights, to variable returns from its involvement with the investee and has the ability to affect those returns through its power over the investee (i.e. existing rights that give the Group the current ability to direct the relevant activities of the investee)." *Id*. The business TTE, among other subsidiaries or intermediaries, conducts in the U.S. gives TCL Electronics substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in this judicial district and in the state of Texas.

18. Upon information and belief, TCL Electronics has placed and continues to place infringing thin-film transistor – liquid crystal display ("TFT-LCD") panels into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this judicial district. In 2018, TCL Electronics reported 45,582 HK$ Million (approx. 5.8 billion U.S. dollars) in global gross sales. *See* TCL Electronics Holdings Limited Annual Report 2018 at p. 12 of 285. Gross sales in the North America were reported at 10,232,343,000 (approx. 1.3 billion U.S. dollars).

19. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, TCL Electronics is not a resident in the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3).

20. Upon information and belief, TCL has significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action.

## **THE PATENT-IN-SUIT**

21. The '923 patent is titled "Control of Terminal Applications in a Network Environment." The inventions claimed in the patent-in-suit generally relate to a new and novel approach to controlling the permissions of applications operating on a mobile device. And more particularly, the inventions relate to controlling the messaging permissions of such applications.

22. The '923 patent lawfully issued on May 15, 2007.

23. The named inventors on the patent-in-suit are Auvo Hartikainen, Kari Silfverberg, Markku Kontio, Kari Miettinen, Isaac De La Pena, Elina Aho, Arto Tiihonen, Arto Pussinen, and Juha P. Hartikainen.

24. Each asserted claim in the patent-in-suit is presumed valid.

25. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

26. The specification of the patent-in-suit discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the patent-in-suit resolve or overcome those shortcomings. As the patent-in-suit explains, there is a desire for mobile devices to "provide an open development platform for application developers." '923 Patent, 1:32-33. While this open development platform offers tremendous benefits, it also opens the door to "the possibility of fraudulent applications." *Id.* at 1:38-39. Left unchecked, this could allow for malicious applications to behave contrary to the agreements made with the network operator or send premium SMS messages at the user's expense. *See id.* at 1:43-47. The '923 Patent recognized this drawback and introduced a solution to allow the mobile device to eliminate the possibility of misuse by a malicious application. *Id.* at 1:53-58.

## COUNT I
### (Infringement of U.S. Patent No. 7,218,923)

27. Plaintiff incorporates paragraphs 1 through 26 herein by reference.

28. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

29. Plaintiff is the owner of the '923 patent with all substantial rights to the '923 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

30. The '923 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

31. Defendants have, and continue to, infringe one or more claims of the '923 patent in this judicial district and elsewhere in Texas and the United States.

32. On information and belief, Defendants have, and continue to, either by themselves or via an agent, infringe at least claim 1 of the '923 patent by, among other things, practicing the method of claim 1 via at least its testing of the native Messaging application in its Android phones ("the Accused Products").

33. Attached hereto as Exhibit A, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '923 patent.

34. Defendants are liable for these infringements of the '923 patent pursuant to 35 U.S.C. § 271.

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

35. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendants have, and continue to,

indirectly infringe one or more claims of the '923 patent by inducing direct infringement by end users of the Accused Products.

36. Defendants have had knowledge of the '923 patent since at least the service of this Complaint.

37. On information and belief, despite having knowledge of the '923 patent, Defendants have specifically intended for persons who acquire and use the Accused Products, including Defendants' customers and end consumers, to acquire and/or use such devices in a way that infringes the '923 patent, including at least claim 1, and Defendants knew or should have known that their actions were inducing infringement.

38. Defendants instruct and encourage users to use the Accused Products in a manner that infringes the '923 patent. For example, Defendants' user guides for its phones provide end users detailed instructions on how to use the Android Messaging app in the Accused Products. In addition, other publications from Defendants, such as their website, may include support articles with detailed instructions on how to use the Android Messaging app in the Accused Products.

39. Furthermore, Defendants have not provided any information or indication that they have implemented a design around or otherwise taken any remedial action with respect to the '923 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

40. Plaintiff has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendants and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '923 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that one or more claims of the '923 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendants;

c. Judgment that Defendants account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d. Judgment that Defendants account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendants' infringing activities, including continuing infringing activities, and other conduct complained of herein;

e. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages;

g. Plaintiff seeks preliminary and permanent injunctions as a result of Defendants' infringement of the '923 patent. Plaintiff is likely to succeed in showing that Defendants infringe the '923 patent. Because of that infringement, Plaintiff has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. For example, if Plaintiff must enforce a judgment against Defendants in China, Plaintiff will face a historically challenging burden in persuading a Chinese court to enforce a judgment from a U.S. court, likely preventing Plaintiff from obtaining any monetary damages from Defendants. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted; and the public interest would not be disserved by a permanent or preliminary injunction; and

h. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 16, 2020

Respectfully submitted,

By: */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com